UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| YUNNAN TONGKANG MEDICAL SERVICES CO., LTD., | Case No. 26-cv-02810-VKD |
| Plaintiff, | |
| v. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE** |
| WEI SU, | Re: Dkt. No. 6 |
| Defendant. | |

Plaintiff Yunnan Tongkang Medical Services, Co., Ltd. ("Yunnan Tongkang") moves ex parte for permission to serve defendant Wei Su by email. For the reasons stated below, the Court denies Yunnan Tongkang's motion without prejudice.[1]

## I.   BACKGROUND

Yunnan Tongkang filed this action for recognition and enforcement of six civil judgments issued by the People's Court of Panlong District in the Yunnan Province of the People's Republic of China. *See* Dkt. No. 1 ¶ 1. According to the complaint, between July 23, 2021 and October 31, 2021, Yunnan Tongkang loaned money to Visunex (Suzhou) Medical Device Co., Ltd. ("Visunex (Suzhou)") on six different occasions. *Id*. ¶ 11. When Visunex failed to repay the loans, Yunnan Tongkang filed six civil actions in China for payment of the sums at issue. *Id*. ¶ 13. The complaint further alleges that the Chinese court entered six judgments in Yunnan Tongkang's favor, requiring payment of principal totaling RMB 2,912,000, certain fees in the amount of RMB 74,933, as well as interest. *Id*. ¶¶ 2, 15. Yunnan Tongkang says that those judgments were not

---

[1] This matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b).

United States District Court
Northern District of California

appealed and are now final. *Id*. ¶ 23. The complaint and appended documents identify defendant Wei Su as a "U.S. National" and Visunex (Suzhou)'s representative. Mr. Su allegedly is jointly and severally liable for the full amount of the sums owed pursuant to the Chinese court's judgments. *See id*. ¶ 2; *see also, e.g.,* Dkt. No. 1-2 at 17.[2]

Asserting that the six judgments have not been satisfied, Yunnan Tongkang filed the present action against Mr. Su, pursuant to California's Uniform Foreign-Country Money Judgments Recognition Act, Cal. C.C.P. §§ 1713, *et seq*. Yunnan Tongkang seeks recognition and enforcement of the Chinese court's judgments; entry of judgment in Yunnan Tongkang's favor; pre-judgment and post-judgment interest; costs of suit; and reasonable attorneys' fees. *See* Dkt. No. 1 at 11-12. Yunnan Tongkang asserts federal diversity jurisdiction, 28 U.S.C. § 1332, stating that it is a Chinese medical service company domiciled in Kunming City, Yunnan Province, China; that Mr. Su is a "citizen and resident of Santa Clara County"; and that the amount in controversy exceeds $75,000. *See id*. ¶¶ 4-5, 9.

Yunnan Tongkang says that it engaged a process server, who attempted to personally serve Mr. Su on April 4, 2026 and April 6, 2026 at his last known address in Sunnyvale, California. *See* Dkt. No. 6-1 ¶¶ 2-5 & Ex. 1. The process server reported that on the first service attempt, movement was heard inside the residence, but no one answered the door. *See* Dkt. No. 6-1, Ex. 1. On the second attempt, an "Asian male" in his "30s"[3] indicated that Mr. Su is "no longer in the country." *Id*.

Yunnan Tongkang now moves for permission to serve Mr. Su at the email address wei.su@visunexmedical.com, which Yunnan Tongkang says it obtained through counsel in China. *See* Dkt. No. 6-1 ¶¶ 7, 8. Yunnan Tongkang says it believes that Mr. Su is not in the United States and maintains that he "cannot be located physically." *See* Dkt. No. 6 at 3, 7.

---

[2] With respect to filed documents, all pin citations refer to the page number appearing on the ECF header on those documents.

[3] Documents appended to the complaint indicate that Mr. Su is in his sixties. *See, e.g.,* Dkt. No. 1-2 at 17.

**II.    DISCUSSION**

Yunnan Tongkang bases its motion on Rule 4(f) of the Federal Rules of Civil Procedure, which addresses "Serving an Individual in a Foreign Country" and provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Yunnan Tongkang specifically invokes Rule 4(f)(3), which requires that an alternate method of service must be directed by the court and must not be prohibited by international agreement. *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., Ltd.*, 480 F. Supp. 3d 977, 982 (N.D. Cal. 2020). Additionally, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

*United States District Court*
*Northern District of California*

opportunity to present their objections.'" *Id*. at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)).

The Court denies without prejudice Yunnan Tongkang's motion for permission to serve Mr. Su by email for three reasons. First, Yunnan Tongkang has not adequately addressed whether or not service via the identified email address is prohibited by an international agreement. Yunnan Tongkang's reference to *MacroCharts Research LLC v. Chou*, as to which Yunnan Tongkang provides little or no analysis, does not appear to support a contrary conclusion. *See MacroCharts Research LLC v. Chou*, No. 25-cv-06447-JST, 2026 WL 192661, at *2 (N.D. Cal. Jan. 26, 2026) ("Accordingly, to establish that service by email is appropriate, the moving party must show service by email is (1) not prohibited by international agreement, and (2) reasonably calculated to provide defendants with actual notice.").[4] To the extent Yunnan Tongkang's motion might generously be construed to impliedly argue that such analysis is not required under the particular circumstances presented here, Yunnan Tongkang has not cited authority supporting such a proposition.

Second, on the record presented, the Court is not persuaded that the subject email address is reasonably calculated to provide Mr. Su with notice of this action. Yunnan Tongkang says that a public records search indicates that the subject email address is associated with Mr. Su's business activities—namely, an active California corporation known as Visunex Medical Systems, Inc., as to which Mr. Su reportedly is identified as the company's registered agent for service of process. *See* Dkt. No. 6-1 ¶¶ 7-10. However, there is no indication that the subject email address is an effective means of communicating with Mr. Su, including that Mr. Su actually uses that email address and how often, that any email sent to that address will actually be received by Mr. Su or brought to his attention, or that Yunnan Tongkang has successfully communicated with Mr. Su via that address. *See Rio Props., Inc*., 284 F.3d at 1018 (finding that service by email was reasonably calculated to provide notice where the email address was listed as the business's

---

[4] As Yunnan Tongkang did not provide a proper citation for this case, the Court assumes that this is the decision Yunnan Tongkang intended to reference in its motion.

United States District Court
Northern District of California

United States District Court
Northern District of California

preferred contact information); *Cordova v. Huneault*, No. 25-cv-04685-VKD, 2025 WL 2637504, at *3 (N.D. Cal. Sept. 12, 2025) (email address was reasonably calculated to apprise defendants of pendency of action where defendants disclosed email address in DMCA counter-notices, and email address was otherwise linked to account associated with alleged copyright infringement).

Third, the Court is not persuaded by Yunnan Tongkang that Mr. Su, who is alleged to be a U.S. citizen and California resident, cannot be located and served personally in the United States. According to Yunnan Tongkang, its process server made only two attempts over the course of three days to serve Mr. Su at a residential address. Apparently, the process server made no attempt to serve Mr. Su at his business address.

In these circumstances, and particularly when it is unclear whether Mr. Su could be served personally, the Court has insufficient information from which to conclude that alternative service by email, even if permissible, is reasonably calculated to provide actual notice of this action.

## III. CONCLUSION

For the foregoing reasons, Yunnan Tongkang's motion to serve Mr. Su by email is denied without prejudice.

**IT IS SO ORDERED.**

Dated: May 15, 2026

Virginia K. DeMarchi
United States Magistrate Judge

5