United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUNNAN TONGKANG MEDICAL SERVICES CO., LTD.,<br>Plaintiff,<br>v.<br>WEI SU,<br>Defendant. | Case No. 26-cv-02810-VKD<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 13 |

Plaintiff Yunnan Tongkang Medical Services, Co., Ltd. ("Yunnan Tongkang") moves ex parte for permission to serve defendant Wei Su by publication. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). For the reasons stated below, the Court denies Yunnan Tongkang's motion without prejudice.[1]

## I. BACKGROUND

Yunnan Tongkang filed this action for recognition and enforcement of six civil judgments issued by the People's Court of Panlong District in the Yunnan Province of the People's Republic of China. *See* Dkt. No. 1 ¶ 1. According to the complaint, between July 23, 2021 and October 31, 2021, Yunnan Tongkang loaned money to Visunex (Suzhou) Medical Device Co., Ltd. ("Visunex (Suzhou)") on six different occasions. *Id.* ¶ 11. When Visunex failed to repay the loans, Yunnan Tongkang filed six civil actions in China for payment of the sums at issue. *Id.* ¶ 13. The complaint further alleges that the Chinese court entered six judgments in Yunnan Tongkang's favor, requiring payment of principal totaling RMB 2,912,000, certain fees in the amount of RMB 74,933, as well as interest. *Id.* ¶¶ 2, 15. Yunnan Tongkang says that those judgments were not

[1] This matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b).

appealed and are now final. *Id.* ¶ 23. The complaint and appended documents identify defendant Wei Su as a "U.S. National" and Visunex (Suzhou)'s representative. Mr. Su allegedly is jointly and severally liable for the full amount of the sums owed pursuant to the Chinese court's judgments. *See id.* ¶ 2; *see also, e.g.,* Dkt. No. 1-2 at 17.[2]

Asserting that the six judgments have not been satisfied, Yunnan Tongkang filed the present action against Mr. Su, pursuant to California's Uniform Foreign-Country Money Judgments Recognition Act, Cal. C.C.P. §§ 1713, *et seq*. Yunnan Tongkang seeks recognition and enforcement of the Chinese court's judgments; entry of judgment in Yunnan Tongkang's favor; pre-judgment and post-judgment interest; costs of suit; and reasonable attorneys' fees. *See* Dkt. No. 1 at 11-12. Yunnan Tongkang asserts federal diversity jurisdiction, 28 U.S.C. § 1332, stating that it is a Chinese medical service company domiciled in Kunming City, Yunnan Province, China; that Mr. Su is a "citizen and resident of Santa Clara County"; and that the amount in controversy exceeds $75,000. *See id.* ¶¶ 4-5, 9.

Yunnan Tongkang says that it engaged a process server, who attempted to personally serve Mr. Su on April 4, 2026 and April 6, 2026 at his last known residential address in Sunnyvale, California. *See* Dkt. No. 6-1 ¶¶ 2-5 & Ex. 1. The process server reported that on the first service attempt, a car was in the driveway and movement was heard inside the residence, but no one answered the door. *See* Dkt. No. 6-1, Ex. 1. On the second attempt, an "Asian male" in his "30s"[3] indicated that Mr. Su is "no longer in the country." *Id.* Yunnan Tongkang says it believes that Mr. Su is not in the United States, and it maintains that he "cannot be located physically." *See* Dkt. No. 6 at 3, 7.

The Court denied without prejudice Yunnan Tongkang's motion for leave to serve Mr. Su at the email address wei.su@visunexmedical.com, which Yunnan Tongkang says it obtained through counsel in China (*see* Dkt. No. 6-1 ¶¶ 7, 8). The Court concluded that Yunnan Tongkang

[2] With respect to filed documents, all pin citations refer to the page number appearing on the ECF header on those documents.

[3] Documents appended to the complaint indicate that Mr. Su is in his sixties. *See, e.g.,* Dkt. No. 1-2 at 17.

United States District Court
Northern District of California

did not show that service via the identified email address, even if permissible, is reasonably calculated to provide Mr. Su with actual notice of the present action. Additionally, Yunnan Tongkang did not show that Mr. Su could not be located and served via personal service, including at an identified business in California. Dkt. No. 7.

Yunnan Tongkang says that after the Court denied its motion for service by email, it attempted to serve Mr. Su at the business address in San Ramon, California. The record indicates that a process server attempted service at that address on May 30, 2026 at 7:50 p.m., and reported that the business appeared to be closed. *See* Dkt. No. 13-1 ¶ 4 & Ex. B. The process server returned on June 1, 2026 and spoke with a receptionist named Kelly, who searched the business's system and reported that Mr. Su no longer worked there, and had not worked there for several years. *See id*.

Yunnan Tongkang's counsel, Mingzi Ouyang, states that she "requested an address search using [Mr. Su]'s known name and known addresses" and also inquired of her client and counsel in China if they know of Mr. Su's current location. Dkt. No. 13-1 ¶ 5. According to Ms. Ouyang, "[t]he search and those inquiries did not identify a current address for [Mr. Su]," and she has "not identified any current residential, business, or foreign address at which [Mr. Su] can be served." *Id*.

Yunnan Tongkang now requests leave to serve Mr. Su by publication in the *San Jose Post-Record*, which Yunnan Tongkang says is a "newspaper published in California and adjudicated a newspaper of general circulation for Santa Clara County." Dkt. No. 13 at 6. In a separate case management statement, Yunnan Tongkang requests an extension of the deadline to serve Mr. Su, up to sixty days following the Court's ruling on Yunnan Tongkang's motion for service by publication. Dkt. No. 14 at 2.

## II. DISCUSSION

Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service of an individual within a judicial district of the United States pursuant to the state law applicable in that district. California law provides for several means of effecting service upon an individual defendant: (1) personal delivery to the party, Cal. C.C.P. § 415.10; (2) delivery to someone at the party's

usual residence or place of business, followed by a mailing, *id*. § 415.20; (3) mail with an acknowledgement of receipt, *id*. § 415.30; (4) mail on persons outside California, *id*. § 415.40; and (5) publication, *id*. § 415.50.

In California, service by publication is permitted "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" and that either: (1) "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action" or (2) "[t]he party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property." *Id*. § 415.50(a).

In determining whether a plaintiff has exercised "reasonable diligence," courts examine whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). "In this context," the "reasonable diligence" requirement "'denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.'" *Bd. Of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 338 (2013) (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)). Each case must be evaluated on its own facts. *Id*. at 339. "No single formula [or] mode of search can be said to constitute due diligence in every case." *Id*. (internal quotations and citations omitted). Because service by publication is "the least likely to succeed in notifying the defendant of an action against him," it is to be used "'only as a last resort.'" *Id.* at 337-38 (quoting *Watts*, 10 Cal. 4th at 749 n.5)).

Although Yunnan Tongkang has (unsuccessfully) attempted personal service at a last known residential address and at a business address, it is unclear what further investigation Yunnan Tongkang conducted to determine that Mr. Su cannot be located or served in another manner. Ms. Ouyang avers that she inquired of her client and counsel in China, but does not otherwise describe her requested "address search using [Mr. Su]'s known name and known addresses." Dkt. No. 13-1 ¶ 5. Potential other sources or options include "searching phone books, online people search tools, voter registries, or other common sources of information, or by hiring a

private investigator." *See Castillo-Antonio v. Azurdia*, No. 13-cv-05709 DMR, 2014 WL 4060219, at *3 (N.D. Cal. Aug. 14, 2014) (holding that four attempts of personal service at defendant's purported address and mailing documents to the same address did not meet reasonable diligence requirement). On this record, the Court cannot conclude that Yunnan Tongkang has made a "through, systematic investigation and inquiry" of Mr. Su's address. *Watts*, 10 Cal. 4th at 749 n.5. Nor does Yunnan Tongkang substantiate its assertion that the *San Jose Post-Record* has been "adjudicated a newspaper of general circulation for Santa Clara County" or why that publication "is most likely to give actual notice" of the present action. *See* Dkt. No. 13 at 6; *see also Castillo-Antonio*, 2014 WL 4060219, at *1 (noting that "it is generally recognized that service by publication rarely results in actual notice."). More to the point, Yunnan Tongkang does not address why it believes service by publication in Santa Clara County is reasonable or appropriate, given Yunnan Tongkang's belief that Mr. Su is not in the United States. Accordingly, Yunnan Tongkang's motion for service by publication is denied without prejudice.[4]

In any renewed motion for service by publication, Yunnan Tongkang shall address the Court's concerns discussed above.

The Court grants Yunnan Tongkang's request for an extension of the deadline to complete service of process. The deadline for service of process is extended to **November 20, 2026**. The initial case management conference is continued to **December 22, 2026, 1:30 p.m.** All related deadlines set in the Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. No. 3) are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: September 21, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge

[4] Because the Court finds that Yunnan Tongkang has not satisfied the reasonable diligence requirement of § 415.50, it does not reach the question of whether Yunnan Tongkang has provided sufficient independent evidentiary support for the existence of a cause of action against Mr. Su. *See Bd. of Trs. for Laborers Health & Welfare Tr. Fund for N. Cal. v. P & J Util. Co.*, No. 21-cv-01075-DMR, 2022 WL 20113303, at *5 n.4 (N.D. Cal. Aug. 16, 2022).